IN RE APPEAL OF ANDERSON ET AL., D.B.A. THE ANDERSONS.

(No. 85AP-110—Decided December 5, 1985).

*Beverly J. McBride; Porter, Wright, Morris & Arthur* and *Earl F. Morris,* for John D. and Thomas H. Anderson.

*Anthony J. Celebrezze, Jr.,* attorney general, *Patrick A. Devine, Fred J. Pompeani* and *Cheryl J. Nester,* for Administrator, OBES.

STRAUSBAUGH, J. The Administrator of the Ohio Bureau of Employment Services found that limited partners of a limited partnership, doing business as The Andersons, were employees whose wages were subject to contribution to the unemployment compensation fund for draws received for day-to-day services. An appeal was filed with the Unemployment Compensation Board of Review ("board"). The board affirmed the administrator as follows:

"*FINDINGS OF FACT*:

"John D. Anderson & Thomas H. Anderson et al., dba The Andersons, the appellant herein, is a limited partnership which consisted of approximately seventeen general partners and 150 limited partners during 1982. Within the appellant's organization exists a group of individuals designated as the Managing

Partner Committee. This committee makes the final decisions concerning the aims and goals of the partnership. The limited partnership was established in order to limit the liability of certain partners. After having worked as an employee for the partnership over a period of time and establishing their [*sic* his] value to the partnership, the partnership will invite the employee to become a limited partner. In order to become a limited partner, a minimum $50,000.00 investment must be made by the individual involved and said investment goes into the individual limited partner's capital account.

"Upon becoming a limited partner, the general partners establish a yearly payment to be made to the limited partner for their [*sic* his] day-to-day activities within the partnership. The partnership designates this yearly payment as a draw against partnership profits. The general partners perform numerous types of duties for the partnership such as staff attorneys, managers within departments and other management functions. The draw against partnership profits for the limited partners is reviewed periodically by the general partners and the amount paid to the individual is based upon the skill and amount of responsibilities that the limited partner possesses.

"Some of the limited partners do not take an active day-to-day role in the activities of the appellant and as such are not entitled to the draw against partnership profits as are the limited partners who perform day-to-day services for the appellant.

"Each limited and general partner has a capital account and the year-end partnership profit is divided among the capital investors regardless of whether the partner is a general partner, limited partner who performed services for the partnership or limited partners who performed no day-to-day services for the partnership.

"The limited partners who perform day-to-day services for the appellant may report to either another limited partner or a general partner in the execution of their day-to-day duties.

"*REASON*:

"Issue: Individuals in Employment.

"Section 4141.01(B)(1), Revised Code of Ohio, reads as follows:

" '(B)(1) "Employment" means:

" '(a)  Service performed for wages under any contract of hire, written or oral, express or implied, including service performed in interstate commerce and service performed by an officer of a corporation, without regard to whether such service is executive, managerial, or manual in nature, and without regard to whether such officer is a stockholder or a member of the board of directors of the corporation;

" '(b)  Services performed by an individual for remuneration unless it is shown to the satisfaction of the administrator that such individual:

" '(i)  Has been and will continue to be free from control or direction over the performance of such service, both under his contract of service and in fact;

" '(ii)  That such service is outside the usual course of the business for which service is performed; and

" '(iii)  That such individual is customarily engaged in an independently established trade, occupation, profession, or business.'

"[Former] Section 1781.01, Revised Code of Ohio, reads as follows:

" 'A limited partnership is a partnership formed by two or more persons under the provisions of section 1781.02 of the Revised Code, having as members one or more general partners and one or more limited partners. The limited partners as such shall not be bound by obligations of the partnership.'

"[Former] Section 1781.04, Revised Code of Ohio, reads as follows:

" 'The contributions of a limited

partner may be cash or other property, but not services.'

"The appellant in the instant case argues that the payments made to the limited partners for services performed constitute a draw against partnership profits and as such do not constitute wages for purposes of Section 4141.01, Revised Code of Ohio. The Board finds this contention without merit. In reviewing the applicable sections of the Ohio Revised Code concerning the establishment of limited partnerships, it is clear that the purpose for establishing a limited partnership is to limit the liability of the limited partners. This was clearly the aim of the appellant in the instant matter.

"Under Chapter 1781, Revised Code of Ohio, the Legislature of the State of Ohio has established that where an individual partner's liability is limited, due to the formation of a limited partnership, then any service provided by that limited partner to the partnership does not constitute an investment.

"The appellant in the instant matter wishes to protect limited partners from the liabilities of the partnership beyond their capital investment, yet also wishes to have them excluded from coverage under the Ohio Unemployment Compensation Act as would a general partner. It is clear that the law does not grant such an exclusion.

"In reviewing the evidence in the instant matter, it is the finding of the Board of Review that the payments made to the limited partners which is [sic] termed a draw against partnership profits by the appellant constitutes [sic] wages for the purposes of Section 4141. 01(B)(1), Revised Code of Ohio. As a result of this finding by the Board of Review, it must only reasonably follow that the services performed by the limited partners on a day-to-day basis for the appellant constitute 'Employment' and said employment is subject to the Ohio Unemployment Compensation Act.

"The limited partners of the appellant who perform services on a day-to-day basis for the appellant are in employment and contributions must be made to the Ohio Bureau of Employment Services based upon the wages of those individuals."

The Andersons appealed to the Franklin County Court of Common Pleas, which found that the board's decision was not in accordance with law and reversed its decision. The common pleas court stated that the limited partners of The Andersons were employers, not employees, under R.C. 4141.01(A)(1).

Appellant in this court, the Administrator of the Ohio Bureau of Employment Services, asserts the following assignment of error:

"The lower court erred in holding that limited partners, who perform services for remuneration for the partnership, are not employees, but employers, for purposes of the Ohio Unemployment Compensation Act."

It is undisputed that The Andersons is a bona fide partnership and treated as such under state and federal tax laws. There is no claim that The Andersons is in any manner a "sham" partnership.

The Andersons pays into the Ohio Unemployment Compensation Fund for people who are not partners (general or limited) and who are admittedly employees covered by the Unemployment Compensation Act. The only issue is whether the limited partners who receive payment for day-to-day activities of the partnership are covered in employment under the Unemployment Compensation Act.

Beginning in 1967, certain long-term salaried employees were invited to become partners. The partnership has developed certain criteria which an employee must meet before he or she may be admitted as a partner. Each partner must make a $50,000 minimum investment. New partners are admitted on a yearly basis.

The partnership treats the change in

status from employee to limited partner as a significant one. A partner is expected to make a definite commitment to continue working for the partnership throughout his or her working career. Employees are not expected to make the same type of commitment.

The Andersons provides medical hospitalization and dental benefits for its employees, who also participate in a qualified profit-sharing plan and have access to a savings program. Employees receive paid vacation, accident and sick pay, and are eligible for a loan program. Employees who become limited partners receive none of these benefits without being required to pay individually for them.

All partners receive a distribution of profits, provided that there are any, based upon the amount of capital the partner has invested in the company. Each partner, general or limited, who actively participates in the partnership also receives a monthly draw against future profits. The partners who are not involved in the day-to-day activities do not receive the draw. The draw allowed to a partner in the day-to-day activities, whether general or limited, is based upon the difficulty of the work assigned. The draw against partnership profits is reviewed periodically by the managing partners. There are no factual differences between draws taken by general partners and draws taken by limited partners. If necessary, because of a lack of profits, those receiving draws may have to pay them back to satisfy obligations of the partnership. However, by law, no limited partner is liable personally for general partnership obligations as a general partner would be liable. Former R.C. 1781.07.

There is little difference between the day-to-day activities of general and limited partners. Each has managerial responsibilities. Each has significant discretion and either may report to a limited partner or a general partner. Both limited and general partners serve on various committees which set policy for the partnership, including the statement of principles committee, which construes the document that governs the partnership's way of doing business.

The sole issue is whether the trial court erred in holding that limited partners in The Andersons are employers for the purpose of R.C. Chapter 4141 rather than employees in regard to the compensation they receive in the form of a draw for their day-to-day activities.

The trial court held that the limited partners of The Andersons were employers, not employees, under R.C. 4141.01(A)(1), and that compensation received by an employer is not subject to contributions to the Unemployment Compensation Fund.

R.C. 4141.01(A)(1) defines "employer" as follows:

" 'Employer' means the state, its instrumentalities, its political subdivisions and their instrumentalities, and any individual or type of organization including any partnership, association, trust, estate, joint-stock company, insurance company, or corporation, whether domestic or foreign * * *."

There is no specific exclusion of general partners contained within R.C. Chapter 4141. However, it is conceded that the wages received by a general partner are not subject to the Unemployment Compensation Act because the general partner is an "employer" rather than an "employee." That distinction is consistent with the intent of the Act as contributions are levied against employers who are required to contribute to the fund at a rate based upon wages paid. R.C. 4141.24(A) and 4141.25(C)(1).

Equally important, the general partners embody the very concept of a partnership. Therefore, when R.C. 4141.01 (A)(1) defines "employer" so as to include "partnership," it must be read to mean that the partners are the employers.

R.C. 4141.01(B)(1) defines "employment" as meaning:

" 'Employment' means:

"(a) Service performed for wages under any contract of hire, written or oral, express or implied, including service performed in interstate commerce and service performed by an officer of a corporation, without regard to whether such service is executive, managerial, or manual in nature, and without regard to whether such officer is a stockholder or a member of the board of directors of the corporation;

"(b) Services performed by an individual for remuneration unless it is shown to the satisfaction of the administrator that such individual:

"* * *"

As the dissent notes, it is true that in regard to a corporation, the services performed for wages or for remuneration are subject to contribution to the fund even if paid to an officer or other employee who is a stockholder or a member of the board of the directors of the corporation. Therefore, since the corporation is the employer, the president of the corporation who receives wages and is a one-hundred-percent owner of the corporation would also have the remuneration paid to him taken into account in calculating the rate of contribution of the corporation.

However, the treatment of a corporate entity is inapplicable because a corporation, by definition, is an inherently different concept. As noted above, a partnership is theoretically synonymous with its partners — the fact that a partner is treated as an "employer" for tax purposes does not mean that a partnership, and therefore its partners, lose their special, defined status.

Here, the limited partners act as the general partners act in virtually every important instance, and therefore should be treated for purposes of the Unemployment Compensation Act the same as general partners. R.C. 4141.01 (A)(1) defines "employer" to mean any partnership. In defining the term "employer," the General Assembly chose not to distinguish between general and limited partners. Under the facts of this case, we also decline to make such a distinction for the purposes of the Unemployment Compensation Act.

This decision is bolstered by the treatment given to limited partners by various federal agencies. While not binding on any determination herein, it is helpful to review their considerations and opinions, inasmuch as a great deal of the policy of unemployment compensation is federal law. A review of assorted decisions indicates that, at the very least, the facts of each case are important in the treatment accorded the partners within a partnership.

As previously noted, this partnership was not a sham, and the status of the limited partners was similar to that of the general partners. Therefore, the trial court did not err in finding that the limited partners were "employers" under the Unemployment Compensation Act to whom payments received as a draw for day-to-day activities for the partnership would be exempt from the fund.

Appellant's single assignment of error is overruled. The judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

MOYER, J., concurs.

McCORMAC, J., dissents.

McCORMAC, J., dissenting. I dissent as the board correctly determined that the limited partners were employees rather than employers under the provisions of R.C. Chapter 4141.

"Employment" is defined in R.C. 4141.01(B)(1)(b), as pertinent, as follows:

"(B)(1) 'Employment' means:
"* * *
"(b) Services performed by an individual for remuneration unless it is shown to the satisfaction of the administrator that such individual:
"(i) Has been and will continue to be free from control or direction over the performance of such service, both under his contract of service and in fact;
"(ii) That such service is outside the usual course of the business for which service is performed; and
"(iii) That such individual is customarily engaged in an independently established trade, occupation, profession, or business."

If this definition is the sole test, then clearly the board did not err in finding that the partnership was required to pay into the Unemployment Compensation Fund for the draw paid to the limited partners since the services performed by the limited partners do not meet any of the three tests set forth in R.C. 4141.01 (B)(1)(b)(i), (ii), and (iii).

The trial court held that the limited partners of The Andersons were employers, not employees, under R.C. 4141.01(A)(1), and that compensation received by an employer is not subject to contributions to the Unemployment Compensation Fund.

R.C. 4141.01(A)(1) defines "employer" as follows:
" 'Employer' means the state, its instrumentalities, its political subdivisions and their instrumentalities, and any individual or type of organization including any partnership, association, trust, estate, joint-stock company, insurance company, or corporation, whether domestic or foreign * * *."

There is no specific exclusion of general partners contained within R.C. Chapter 4141. However, it is conceded that the wages received by a general partner are not subject to the Unemployment Compensation Act because the general partner is an "employer" rather than an "employee." That distinction is consistent with the intent of the Act as contributions are levied against employers who are required to contribute to the fund at a rate based upon wages paid. R.C. 4141.24(A) and 4141.25(C)(1).

R.C. 4141.01(B)(1) defines "employment" as meaning:
" 'Employment' means:
"(a) Service performed for wages under any contract of hire, written or oral, express or implied, including service performed in interstate commerce and service performed by an officer of a corporation, without regard to whether such service is executive, managerial, or manual in nature, and without regard to whether such officer is a stockholder or a member of the board of directors of the corporation;
"(b) Services performed by an individual for remuneration unless it is shown to the satisfaction of the administrator that such individual:
"* * *"

In regard to a corporation, the services performed for wages or for remuneration is subject to contribution to the fund, even if paid to an officer or other employee who is a stockholder or a member of the board of the directors of the corporation. Therefore, since the corporation is the employer, the president of the corporation who receives wages and is a one-hundred-percent owner of the corporation would also have the remuneration paid to him taken into account in calculating the rate of contribution of the corporation.

There is no specific provision exempting a general partner of a limited partnership or of a general partnership from contribution for wages or remuneration received by him for services rendered to the partnership. However, in the instance of a partnership, the general partner is subject to liability for payment into the fund. A limited partner is in the same situation as a stockholder or a member of the board of

directors of a corporation in regard to being an "employer," which means one who is required to pay into the fund and who is personally liable for failure to make payment. Payments for wages or other remuneration to a limited partner are, thus, not exempt from being considered employment for which contributions must be made, unless the payments qualify for exemption under R.C. 4141.01(B)(1)(b).

It is not pertinent to the determination herein how a federal agency, such as the Internal Revenue Service, may regard the monies received as draw by limited partners in their day-to-day activities with the partnership since R.C. Chapter 4141, rather than provisions of any federal Act, controls the determination herein.

The trial court erred in finding that limited partners are "employers" under the Unemployment Compensation Act to whom payments received as a draw for day-to-day activities for the partnership would be exempt from the fund. The board correctly determined the law applicable to the facts herein.

Appellant's assignment of error should be sustained, and the judgment of the trial court should be reversed.